## Fuchshuber et al. *v.* Krewson, Executor, et al.

[No. 5,083. Filed May 24, 1904.]

Wills.—*Construction.*—*Life Estate to Wife.*—*Distribution at Her Death.*— Testator by the second item of his will gave to his wife fifty acres of land and certain personal property for life, and directed that at her death all that remained should be sold and equally divided among his children or legal representatives. In items three and four he made specific bequests to his children named, to be paid from the remaining portion of his personal property and real estate. In item five he stated that as two of his sons had received their full share, and that as another son seldom came to see him, the remainder of his estate should be divided among his five other children. *Held,* that upon the death of the wife the proceeds of the sale of the property given to her for life should be equally divided among all of testator's children.

From Wells Circuit Court; *E. C. Vaughn,* Judge.

Application by John S. Krewson, executor of the will of John T. Fuchshuber, deceased, for directions as to the manner in which he should distribute testator's estate. From the order directing the manner of distribution, John A. Fuchshuber and others, children of testator, appeal. *Reversed.*

Vol. 33—17

*Levi Mock, John Mock, George Mock* and *W. H. Dickman,* for appellants.

*W. H. Eichhorn,* for appellees.

BLACK, C. J.—In the last will and testament of John T. Fuchshuber, deceased, provision was made, in the first item, for payment of the testator's debts. The second item was as follows: "I give and bequeath to my wife, Eve Maria, the fifty acres of land, in * * * together with all the appurtenances thereunto belonging, including the household goods, two cows, two hogs, all the chickens, and six sheep, for her use and in her control during her natural life, and at her death all that is remaining shall be sold and equally divided among my children or their legal representatives." "Item third. I give and bequeath to my son John Andrew the sum of $800, and enjoin my executor to pay to him the full amount out of the proceeds of the sale of the remaining portion of my personal property and real estate. Item fourth. I give and bequeath to my sons George Frederick, John Christian, my daughter Maria Caroline Grewe, Eve Barbara Grewe, and my son Gottleib, each $500, payable as above stated in the case of John Andrew. Item fifth. Inasmuch as my sons John Adam and George Philip have each received their full share at my hands, and as George Frederick seldom, if ever, comes to see me, and as he received, as above stated, $500, I desire that all the remaining portion of my estate, both personal and real, of whatever nature, I may die possessed of, shall be equally divided among my sons and daughters, namely, John Andrew, John Christian, Maria Caroline, Eve Barbara, and Gottleib." Next, the testator appointed John S. Krewson as executor.

The widow of the testator having died, and the tract of fifty acres mentioned in the second item having been sold by the executor under the order of the court below, and the executor having applied to the court for an order directing the manner in which he should distribute the proceeds

of the sale, making parties to the application all the children of the testator as named in the will, it appeared in evidence that at the time of the execution of the will and at the death of the testator he was the owner in fee of a certain tract of land in Wells county, consisting of 120 acres, the tract of fifty acres mentioned in the second item of the will being a portion thereof, and also the owner of personal property not mentioned in the second item. The court found that all of the proceeds of the sale of the fifty acres mentioned in the second item of the will, upon the death of the widow, vested in John Andrew, John Christian, Gottleib, Maria Caroline, and Eve Barbara, and that John Adam, George Philip, and George Frederick were entitled to no part thereof. To this decision the three sons last mentioned excepted, and, a motion for a new trial made by these three having been overruled, it was adjudged that the children of the testator, naming them, other than John Adam, George Frederick, and George Philip, were entitled to the possession of all moneys or other property in the hands of the executor, in equal proportions, and that the plaintiff, the executor, recover his costs of the last-mentioned three children of the testator, who are the appellants, the executor and the other five children of the testator being the appellees.

The second item of the will related to certain definite property of the testator, which he gave to his wife during her life, directing that at her death all that should be remaining of this property should be sold and equally divided among his children or their legal representatives. The widow had died, and the property remaining of that mentioned in the second item consisted of the proceeds of the fifty acres of land devised to the widow for her life. This fund, under the terms of the second item, was to be equally divided among the children of the testator, all of whom were still surviving. What was given to John Andrew by the next item was to be paid him out of the

proceeds of the sale of the remaining portion of the personal property and real estate, being property other than that mentioned in preceding provisions of the will. The bequests made by the fourth item were payable as stated in the case of John Andrew; that is, out of the proceeds of the same remaining property mentioned in the third item.

The fifth item seems to have influenced the court to conclude that John Adam, George Philip, and George Frederick were not entitled to share in the proceeds of the sale of the fifty acres mentioned in the second item; but the fifth item did not purport to dispose of any portion of the testator's property devised or bequeathed in the preceding portions of the will. By its terms the testator expressed his desire "that all the remaining portion" of his estate should be equally divided among five of his children named. The introductory portion of this item set forth certain reasons why the testator so desired, but the property disposed of in the fifth item was the remaining portion of his estate. He had in the second item definitely directed the final destination of the property mentioned in that item. He owned other property, and he made certain bequests to be paid out of the proceeds of such other property, being $800 to one son, and $500 to each of five others of his children, and in the fifth or residuary clause he disposed of all the remaining portion of the estate, being the remainder of that portion of his estate out of the proceeds of which the bequests in the third and fourth items were to be realized, and not being any part of the portion of the estate disposed of in the second item. The dispositive portion of the fifth item must control.

Judgment reversed, and cause remanded for further proceedings in accord with the foregoing opinion.